**Joseph PADGETT et al., Plaintiffs-Appellants,**

v.

**LOUISVILLE AND JEFFERSON COUNTY AIR BOARD, Defendant-Appellee.**

**No. 73–1671.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 26, 1973.

Decided Feb. 15, 1974.

Stuart L. Lyon, Louisville, Ky., for plaintiffs-appellants; David Kaplan, Louisville, Ky., on brief.

T. Kennedy Helm, Jr., Stites, McElwain & Fowler, Louisville, Ky., for defendant-appellee; Bert T. Combs, Paul Humphrey, Louisville, Ky., of counsel.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and JOINER*, District Judge.

PER CURIAM.

This antitrust action for damages under the Sherman and Clayton Acts was brought by certain independent taxicab operators against the Louisville and Jefferson County (Kentucky) Air Board, and four other defendants who are not parties to this appeal. In a memorandum and order of October 20, 1972, the District Court sustained the defendant Air Board's motion to dismiss. The plaintiffs-appellants thereupon filed a notice of appeal but this Court found that it lacked jurisdiction to consider

* Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.

the appeal inasmuch as the District Court had not directed the entry of a final judgment as required by Rule 54(b), Fed.R.Civ.P. Joseph Padgett v. Louisville and Jefferson County Air Board, No. 72–2221 (6th Cir. May 7, 1973) (order). Subsequent thereto on May 30, 1973, the District Court filed an order amending its judgment so as to comply with Rule 54(b). This appeal was perfected therefrom.

The Air Board operates Louisville's major airport and after a public invitation for bids, awarded a contract to the Yellow Cab Company to station cabs at the airport. Appellants were aware of the invitation but did not submit bids. The District Court found that the Air Board ". . . is a governmental agency [1] and the antitrust laws do not apply to the activities of a governmental agency." Thus it did not reach the question of the contract's effect on the rights of the independent cab drivers to service the airport.

As to whether a quasi-governmental agency such as the Air Board is exempt from the antitrust laws, the District Court relied on the leading case of Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), wherein the Supreme Court stated in part:

"We find nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature. In a dual system of government in which, under the Constitution, the states are sovereign, save only as Congress may constitutionally subtract from their authority, an unexpressed purpose to nullify a state's control over its officers and agents is not lightly to be attributed to Congress." 317 U.S. at 350–351, 63 S.Ct. at 313.

In recent years courts have given considerable attention to Parker v. Brown and have generally rejected ". . . the facile conclusion that action by any public official automatically confers exemption." George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc., 424 F.2d 25, 30 (1st Cir. 1970). See also, Hecht v. Pro-Football Inc., 144 U.S.App.D.C. 56, 444 F.2d 931 (1971); Woods Exploration & Producing Co. v. Aluminum Company of America, 438 F.2d 1286 (5th Cir. 1971); Washington Gas Light Co. v. Virginia Electric and Power Co., 438 F.2d 248 (4th Cir. 1971). While we similarly reject the proposition of a general governmental immunity, we find it unnecessary to submit *Parker* to an extensive analysis for purposes of the instant case.

■ We first agree with the District Court when it concluded that the following Kentucky statutes make it clear that the appellee Air Board is properly considered a quasi-governmental agency:

KRS 183.012(2):

"As used in this chapter, 'governmental unit' means any city, or the combination of any two (2) or more thereof, or any county, or combination of two (2) or more such counties, city or cities, acting jointly with any county or counties or an airboard or board established as provided in this chapter."

KRS 183.132:

"(1) Any city or county, or city and county acting jointly, or any combination of two or more cities and/or counties may establish a nonpartisan air board composed of six members.

"(2) The board shall be a body politic and corporate with the usual corporate attributes, and in its corporate name may sue and be sued, contract and be contracted with and do all things reasonable or necessary to effectively carry out the duties prescribed by statute. The board shall

---

1. In our view the phrase "quasi-governmental" more appropriately describes the agency.

constitute a legislative body for the purposes of KRS 183.630 to 183.740." KRS 183.476:

" . . . the acquisition, establishment, construction, enlargement, improvement, maintenance, equipping and operation of airports and other navigation facilities, and the exercise of any other powers granted to air boards or municipalities in this chapter, are hereby declared to be public, governmental and municipal functions, exercised for a public purpose, and matters of public necessity. . . ."

See, American Airlines, Inc. v. Louisville and Jefferson County Air Board, 269 F. 2d 811, 817 (6th Cir. 1959).

*Parker* involved regulatory action by a state in its capacity as a sovereign and laid the foundation for establishing governmental action as an antitrust shelter. At least one Circuit has made the *Parker* doctrine applicable to airport authorities. E. W. Wiggins Airways, Inc. v. Massachusetts Port Authority, 362 F. 2d 52, 55 (1st Cir. 1966), cert. denied, 385 U.S. 947, 87 S.Ct. 320, 17 L.Ed.2d 226. There the Port Authority entered into an exclusive lease with a private corporation for the fixed base operations at Logan Airport in Boston, thereby precluding other private corporations from participating in those activities. The First Circuit concluded, "It is clear that in [executing the lease, the Port Authority] was acting as an instrumentality or agency of the state, pursuant to the legislative mandate imposed upon it to operate and manage the airport and establish rules and regulations for its use." 362 F.2d at 55.

In the instant case, the state has legislatively created an instrumentality, the Air Board, whose charge is, inter alia, to operate the airport. There is no question in our own minds but that the regulation of ground transportation services is necessarily incident to the management and operation of the airport facilities. Air travelers require ground transportation and it would follow that the Board, as the agent of the state in performing this function, would have a duty to provide adequate and reliable services. In responding to this duty the Board has taken what we view as the not unreasonable position that noncontracting taxi operators may not provide services at the airport unless they first obtain the Board's permission. Given the circumstances of the public invitation for bids and the broad statutory grant of power to manage and operate a virtual monopoly in the public interest, we conclude that the Board in contracting for cab service at the airport was exercising a valid governmental function to which the antitrust laws do not apply.

The judgment of the District Court is affirmed.